UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 18-cr-091-01-01 |
| -vs- | JUDGE DRELL |
| KENYATTA EDMOND (01) | MAGISTRATE JUDGE PATRICK J. HANNA |

### RULING AND ORDER

Before the court is a motion to vacate sentence under 28 U.S.C. § 2255 filed *pro se* by defendant Kenyatta Edmond ("Edmond" or "Defendant"). For the following reasons, the motion is DENIED.

I. BACKGROUND

A. Offensive Conduct and Arrest

On January 22, 2018, around midnight, a concerned citizen found and reported Edmond asleep at the wheel with a handgun in his lap at the intersection of Evangeline Thruway and Mudd Avenue in Lafayette, Louisiana. Officers arrived, woke Edmond up, and requested that Edmond exit the vehicle, to which Edmond complied. Edmond was searched; no weapon was found. Edmond's vehicle was searched; two pistols were found in Edmond's vehicle. The officers also identified Edmond as being a felon.

## B. Procedural Posture

Edmond was indicted by a federal grand jury on one count of possession of a firearm by a convicted felon. (Doc. 1). Edmond was represented by Federal Public Defender Cristie Gibbens ("Gibbens"). Before entering a guilty plea, Edmond moved to suppress evidence challenging the legality of the Officer's search and seizure predicated on Edmond's pre–<u>Miranda</u> warning statements that his vehicle contained two guns. The government responded arguing that the search and seizure was reasonable under <u>Terry v. Ohio</u>, 392 U.S. 1, 19-20 (1968). In reply, Edmond (or Gibbens as the instant motion implies) conceded that the government had satisfied the first prong of <u>Terry</u>, whether the officers' actions were justified at its inception. <u>Id.</u> However, Edmond did not concede that the government established the second prong of <u>Terry</u>, whether the search of Edmond's vehicle was reasonably related in scope to the circumstance which justified the interference in the first place. <u>Id.</u>

Magistrate Judge Pat Hanna held a hearing on the matter and ultimately issued a report and recommendation to deny Edmond's motion to suppress. We agreed with Magistrate Judge Hanna and adopted the recommendation. With permission of the Court, Edmond entered a conditional guilty plea and appealed the denial of his motion to suppress. The Fifth Circuit affirmed this Court's decision denying the motion to suppress. <u>United States v. Edmond</u>, 787 F. App'x 258 (5th Cir. 2019).

Edmond's instant §2255 motion amounts to challenging his counsel Gibbens' decision to concede the first prong under <u>Terry</u>. In his first enumerated ground,

Edmond alleges his attorney's concession resulted in an inability to confront witnesses. The witnesses at issue were the concerned citizen who discovered Edmond and the first officer on scene. In his second enumerated ground, Edmond alleges his attorney failed to investigate the initial traffic stop and question the concerned citizen and first officer. In his third enumerated ground, Edmond alleges he was denied effective counsel resulting from Gibbens' actions.

II. LAW

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255; United States v. Cates, 952 F.2d 149, 151 (5th Cir.), cert. den., 504 U.S. 962 (1992). The scope of relief under § 2255 is consistent with that of the writ of habeas corpus. See Cates, 952 F.2d at 151; see also United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding. See United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992); United States v. Ressler, 54 F.3d 257, 259 (5th Cir. 1995). Moreover, it is settled in this circuit that issues raised and disposed of in a

previous appeal from an original judgment of conviction are not considered in § 2255 motions. See United States v. Kalish, 780 F.2d 506, 508 (5th Cir.), cert. den., 476 U.S. 1118 (1986); United States v. Fields, 761 F.3d 443, 466, 482 (5th Cir. 2014), cert. den., 135 S. Ct. 2803 (U.S. 2015); United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994).

A collateral challenge may not do as a substitute for an appeal. United States v. Frady, 465 U.S. 152, 165 (1982). After conviction and exhaustion or waiver of any right to appeal, the federal courts are entitled to presume that the defendant stands fairly and finally convicted. See United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. den., 502 U.S. 1076 (1992). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 622, (1998) (internal citations omitted). A claim may not be reviewed under § 2255 absent a showing of cause and prejudice or actual innocence. United States v. Cooper, 548 F. App'x 114, 116 (5th Cir. 2013); United States v. Hicks, 945 F.2d 107, 108 (5th Cir. 1991). Absent exceptional circumstances, establishment of ineffective assistance of counsel satisfies cause and prejudice. United States v. Acklen, 47 F.3d 739, 742 (5th Cir. 1995).

In a motion to vacate sentence for ineffective assistance of counsel, the defendant has the burden of proof. See United States v. Chavez, 193 F.3d 375, 378 (5th Cir. 1999) (citing Clark v. Collins, 19 F.3d 959, 964 (5th Cir. 1994), cert. den.,

513 U.S. 966 (1994)). To prevail on his motion, Defendant must satisfy the two-pronged test set forth by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984): (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. The movant must show both deficient performance and prejudice to succeed on his claim. See <u>United States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000) ("A court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one.")

Regarding the first prong of <u>Strickland</u>, a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time. See <u>Dowthitt v. Johnson</u>, 230 F.3d 733, 743 (5th Cir. 2000), cert. den., 532 U.S. 915 (2001) (citing <u>Strickland</u>, 466 U.S. at 689). "Judicial scrutiny of counsel's performance must be highly deferential." <u>Strickland</u>, 466 U.S. at 669. The court must consider the totality of the circumstances. <u>Murray v. Maggio</u>, 736 F.2d 279, 281 (5th Cir. 1984). "However, because it is all too easy to second-guess an unsuccessful counsel's defense with the benefit of hindsight, in making that inquiry 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " Murray v. Maggio, 736 F.2d 279, 281 (5th Cir. 1984) (citing <u>Strickland</u>, 466 U.S. at 669). The court must be particularly wary of arguments that essentially

come down to a matter of degrees, such as whether counsel investigated enough or presented enough mitigating evidence. Those questions are even less susceptible to judicial second-guessing. See Dowthitt, 230 F.3d at 743 (citing Kitchens v. Johnson, 190 F.3d 698, 703 (5th Cir. 1999)).

Regarding the second prong of Strickland, a defendant is prejudiced if there is a reasonable probability that, "but for counsel's unprofessional errors, the results of the proceedings would have been different." Strickland, 466 U.S. at 689. To make that determination, the court must examine the proceedings as a whole, giving due consideration to the weight of the evidence supporting the verdict and evaluating the alleged failings of counsel in that total setting. The court does not assess any alleged error in isolation. See United States v. Kayode, 777 F.3d 719, 725 (5th Cir. 2014) ("In assessing prejudice, we consider the totality of the circumstances…").

"[T]he two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). To demonstrate prejudice after a defendant accepts a guilty plea, the defendant must show "that there is a reasonably probability that but for counsel's errors, the defendant would not have plead guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). The defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010). The court must "focus on the defendant's decisionmaking." Lee v. United States, 137 S. Ct. 1958, 1961, (2017). However, "[c]ourts should not upset a plea solely because of *post hoc*

assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." Id. at 1967. "Factors relevant to determining whether a defendant would have gone to trial can also include 'the risks [he] would have faced at trial,' his 'representations about his desire to retract his plea,' and 'the district court's admonishments." United States v. Valdez, 973 F.3d 396, 403 (5th Cir. 2020) (quoting United States v. Batamula, 823 F.3d 237, 240 n.4 (5th Cir. 2016)).

Finally, "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000) (citing Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir.1983)). "One claiming ineffective assistance of counsel must identify specific acts or omissions; general statements and conclusionary charges will not suffice." Knighton v. Maggio, 740 F.2d 1344, 1349 (5th Cir. 1984) cert. denied, 469 U.S. 924, 105 S.Ct. 306, 83 L.Ed.2d 241 (1984). "In the absence of a specific showing of how [the] alleged errors and omissions were constitutionally deficient, and how they prejudiced [the defendant's] right to a fair trial," a court will find a claim of ineffective assistance of counsel to be without merit. Barnard v. Collins, 958 F.2d 634, 642 (5th Cir.1992). Further, counsel is not ineffective for failing to raise a meritless claim. United States v. Gibson, 55 f.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions."); Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990) ("[C]ounsel is not required to make futile motions or objections.").

## III. ANALYSIS

The Court is able to resolve the merits of this motion to vacate without the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the claims of the petitioner, and the Court records provide the required and adequate factual basis necessary to the resolution of the Section 2255 motion. See United States v. Green, 882 F.2d. 999, 1008 (5th Cir. 1989); Section 2255 Rule 8(a). Specifically, even if we accept Edmond's factual allegations as true, he fails to establish either that his attorney's performance was deficient or that he was prejudiced by her performance, whether or not deficient.

### A. ATTORNEY PERFORMANCE

As observed above, Edmond's instant motion amounts to a challenge to his counsel Gibbens' decision to concede the first prong under Terry. He says she failed to (1) summon the concerned citizen who hail the first officer and the first officer on scene for cross-examination at the suppression hearing and (2) investigate the events resulting in the initial seizure via traffic stop.

"To prevail on an ineffective assistance claim based upon uncalled witnesses, an applicant must name the witness, demonstrate that the witness would have testified, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable." Gregory v. Thaler, 601 F.3d 347, 352 (5th Cir. 2010)(citing Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985). "Claims of uncalled witnesses are disfavored, especially if the claim is unsupported by evidence indicating the witnesses's [sic] willingness to testify and the substance of the

proposed testimony." Id. (citing Harrison v. Quarterman, 496 F.3d 419, 428 (5th Cir.2007)).

"A defendant who alleges a failure to investigate on part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." Green, 882 F.2d at 1003 (5th Cir. 1989); see also Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994)(finding that defendant failed to show "what this investigation would have divulged or how it would have been likely to make any difference in his trial or sentencing"). "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 680.

Edmond does not indicate the willingness of the witnesses to testify, does not provide for the substance of their proposed testimony, does not specify what an investigation would have revealed, nor how an investigation would have altered the outcome of the suppression hearing or the ultimate entry of his guilty plea. His allegations are conclusory and fail to provide a specific showing of how the alleged errors and omissions were constitutionally deficient. Accordingly, we find Edmond's claim of deficient performance to be without merit. Further, and as discussed below, Edmond's current challenge that the government did not satisfy the first prong of Terry is without merit, and his counsel was not ineffective for failing to raise a meritless claim.

## B. PREJUDICE

Leading up to the guilty plea hearing Edmond advised Gibbens of his intent to report Gibbens for being ineffective. (Doc. 54, p.3). However, he affirmed in the guilty plea hearing that he no longer desired to report Gibbens and that he was emotional when it happened. (Id. p. 4). Edmond also affirmed, twice, that he was satisfied with his counsel's performance. (Id. p. 4, 11). Even if these facts favor a finding that Edmond would have proceeded to trial, we still concluded that Edmond was not prejudiced by Gibbens' decision to concede the first prong of Terry because challenging the justification of the officer's actions at inception would have been futile.

The relationship between the two prongs of Terry necessitates a finding of the first prong before proceeding to the second. See 392 U.S. at 19–20 (1968) ("whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place"). Because of this relationship, Magistrate Judge Hanna's report and recommendation to deny Edmond's motion to suppress included an analysis of the first prong.

> For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion – before stopping the vehicle – that some sort of illegal activity, such as a traffic violation, has occurred or is about to occur... Officer Richard's testimony and the officers' body camera footage from the scene clearly show that the officers had

>probable cause to believe that the defendant was, at the very least, in violation of Louisiana Revised Statute 14:97, in that his vehicle was obstructing the flow of traffic. Thus, Terry's first prong is satisfied.

(Doc. 34 p. 10-11) (citations omitted).

It is patently obvious that Magistrate Judge Hanna's conclusion that the traffic stop was justified was absolutely correct. Edmond's vehicle was sitting at the intersection of Evangeline Thruway (the major north-south thruway in Lafayette, Louisiana) and Mudd Avenue. The vehicle did not move for several light cycles even after police arrived on scene. As such, Edmond's vehicle was in violation of Louisiana Revised Statute 14:97 and presented a dangerous hazard to moving traffic. Edmond presents no evidence or argument to undermine the conclusion that Edmond's vehicle was clearly in violation of state law. The violation gave the officers justification to approach the vehicle and proceed as they did.

Even if, before now, Edmond had challenged the officer's justification to approach his vehicle and investigate, including a search, such a motion would have been denied as meritless and, thus, would not have altered the risk Edmond faced going to trial or affected the charge to which he plead guilty. Accordingly, we do not find that Edmond was prejudiced by any decision to concede the first prong of Terry.

Finally, we observe that the issues with the search of Edmond's vehicle were considered on appeal after we allowed him to enter a conditional guilty plea. He has had his day in court.

## IV. CONCLUSION

For the reasons enumerated above, it is hereby ORDERED that Defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

THUS DONE AND SIGNED at Alexandria, Louisiana this 1st day of June 2021.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT