UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 18-cr-091-01 |
| VERSUS | JUDGE DRELL |
| KENYATTA EDMOND (01) | MAGISTRATE JUDGE HANNA |

### RULING AND ORDER

Before the Court is a Motion for Sentence Reduction Under 18 § 3582(c)(2) ("Motion") filed *pro se* by defendant Kenyatta Edmond ("Edmond"). (Doc. 103). The Government has filed a token opposition (Doc. 106) and the time for Edmond to file his reply has lapsed. This matter is ripe for consideration. For the reasons set forth below, Edmond's Motion for Sentence Reduction is **DENIED**.

### I. BACKGROUND

Edmond entered a plea of guilty to a one count indictment for possession of a firearm by a convicted felon on October 16, 2018.[1] (Doc. 40). On February 6, 2019, he was sentenced to serve 110 months imprisonment with credit for time served, which was within the recommended sentencing guideline range. (Doc. 48). The Court made no findings with regard to a mandatory minimum sentence. (Doc. 47). At sentencing, the presentence report ("PSR") was adopted without change. (Doc. 47). Edmond's total offense level was determined to be 23 and his criminal history category VI resulting in a guideline range of 92-to-115 months incarceration. (Doc. 47).

---

[1] According to the PSR, the arrest arises from a concerned citizen spotting Edmond unconscious behind the wheel of his vehicle gripping a firearm in his lap on April 11, 2018. When officers checked in on Edmond, it was discovered that Edmond possessed a .40 caliber semi-automatic firearm with fourteen live rounds of ammunition loaded. A stolen, loaded .410 revolver was also discovered in the vehicle. Approximately 1 gram of marijuana was discovered in the vehicle as well.

1

The criminal history computation contained in the PSR assigned a total criminal history score of 17 to Edmond, which placed him in category VI under the sentencing guidelines. (Doc. 50). This calculation was based on six prior offenses:

1. July 20, 1998. Possession of marijuana. Sentenced to three years of incarceration. Sentence suspended. Probation revoked on January 29, 2001. Parole revoked on July 23, 2013. 3 points.[2]

2. March 16, 2000. Distribution of Crack Cocaine. Sentenced to ten years of incarceration. 3 points.[3]

3. October 10, 2006. Possession of marijuana. Sentenced to five years of incarceration. 3 points.[4]

4. January 2, 2007. Possession of marijuana. Sentenced to five years of incarceration. 3 points.[5]

5. July 21, 2013. Possession of cocaine. Sentenced to two years of incarceration. 3 points.[6]

6. June 10, 2015. Aggravated assault. Sentenced to six months of incarceration. 2 points.[7]

Edmond was not assigned any status points as a career offender. At least two offenses would need to be removed from his record to reduce his total criminal history score sufficiently to lower his criminal history category. Edmond asserts that the three possession of marijuana convictions and the aggravated assault conviction would not qualify if he were sentenced today.[8] The government

---

[2] According to the PSR, Edmond was originally stopped for riding a bicycle without a headlamp. Edmond consented to a search and officers discovered an undisclosed amount of marijuana.
[3] According to the PSR, Edmond twice sold crack cocaine to undercover officers conducting a street buy.
[4] According to the PSR, Edmond was originally pulled over for stopping abruptly at a yellow light. Edmond then failed to stop once officers attempted to pull him over. Marijuana was discovered in his vehicle during the traffic stop.
[5] According to the PSR, Edmond was originally pulled over for failing to signal a turn within 100 feet of an intersection. Officers discovered marijuana and crack cocaine during the traffic stop.
[6] According to the PSR, Edmond was found to be in possession of cocaine, drug paraphernalia, marijuana, and a firearm. He pleaded guilty to the Possession of Cocaine charge and the other charges were dismissed
[7] According to the PSR, Edmond was originally charged with Second Degree Murder and Possession of a Firearm by a Convicted Felon. The charge was later amended to Aggravated Assault and the Possession of a Firearm by a Convicted Felon charge was dismissed.
[8] Edmond recently raised the treatment of marijuana in the sentencing guidelines amongst other considerations in a letter to the Court requesting early release that was treated as a motion under 18 U.S.C. 3582(c)(1). (Doc. 100). That

has filed a non-substantive opposition to Edmond's motion. (Doc. 106). Nonetheless, the government's failure to adequately answer does not provide automatic relief for Edmond. See Doc. 102.

## II. LAW AND ANALYSIS

There are two avenues for a prisoner to seek a reduction in his sentence – 18 U.S.C. 3582(c)(1) and (2). A motion for compassionate release under 18 U.S.C. § 3582(c)(1) requires the prisoner to demonstrate extraordinary and compelling circumstances that warrant a reduction in their sentence. 18 U.S.C. § 3582(c)(1). Edmond has not invoked § 3582(c)(1) in this Motion.

### A. 18 U.S.C. § 3582(c)(2)

Under § 3582(c)(2), a prisoner need not demonstrate extraordinary and compelling circumstances. Rather, he must demonstrate that his initial term of imprisonment was based on a sentencing guideline range that has subsequently been lowered. 18 U.S.C. § 3582(c)(2). This is accomplished by consulting Section 1B1.10 of the Guidelines to determine if the inmate is eligible. United States v. Morgan, 866 F.3d 674, 675 (5th Cir. 2017). After making this showing, the Court is permitted, but not required, to reduce the prisoner's sentence after considering the factors set forth in 18 U.S.C. § 3553(a) and applicable policy statements made by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(2); see also Morgan, 866 F.3d at 675.

Key to this process is that the "defendant must show the amendment *actually lowered* the applicable Guidelines range." Morgan, 866 F.3d at 676 (emphasis added); see also United States v. Bowman, 632 F.3d 906, 910 (5th Cir. 2011) ("If the amendment 'does not have the effect of lowering the defendant's applicable guideline range,' a sentence reduction is not consistent with § 1B.10 and is not authorized by § 3582(c)(2)") (quoting U.S.S.G. § 1B1.10(a)(2), policy statement).

---

motion was denied because Edmond failed to articulate any extraordinary or compelling circumstances warranting compassionate release. (Doc. 102). Here, Edmond specifically seeks relief under 18 U.S.C. § 3582(c)(2).

The court must consider only the effect of the amendment and may not consider any departure provision or variance provided by the Guidelines that may be implicated, but not amended. U.S.S.G. § 1B1.10, app. n. 1(A).

Only amendments specifically referenced in § 1B1.10 may support a reduction in sentence. U.S.S.G. § 1B1.10(b) & (d). Parts A and B of Amendment 821 are the only qualifying changes that have been adopted since Edmond's original sentencing.

Part A of Amendment 821 relates to the imposition of status points for offenders that commit their instant offense while under a criminal justice sentence. Edmond did not receive any such status points. This amendment does not apply to Edmond.

Part B of Amendment 821 only impacts offenders with no criminal history points. Even were the Court to disregard the three marijuana possession convictions and the aggravated assault conviction, the cocaine and crack cocaine convictions would remain on his record and points would be attributable to Edmond. This amendment does not apply to Edmond.

Edmond refers to recent amendments to the treatment of marijuana offenses contained within Part C of Amendment 821. The changes made by Part C state that a downward departure may be warranted where the defendant received criminal history points from a sentence for possession of marijuana for personal use without intent to sell or distribute it to another. This change is clearly not contemplated by 18 U.S.C. § 3582(c)(2).[9]

### B. Criminal Status Points

Chapter 4 of the Sentencing Guidelines establishes the calculations for a defendant's

---

[9] Part C of Amendment 821 may have bearing on the determination of extraordinary and compelling circumstances under 18 U.S.C. § 3582(c)(1) as may the 2024 Amendments regarding youth at the time of a prior offense. Defendant unfortunately asserts that extraordinary and compelling circumstances exist because "his prior convictions in state court for possession with intent to distribute marijuana, (sic) NO longer qualifies as a serious drug offense..." (Doc. 103-1). His prior convictions were never treated as "serious drug offenses."

criminal history. A defendant's total criminal history score is calculated in accordance with Chapter 4 and his criminal history category is determined by the Sentencing Table contained in Chapter 5. U.S.S.G. §4A1.1. Three points are added for each prior sentence of imprisonment exceeding one year and one month. Id. at (a). Two points are added for each prior sentence of imprisonment of at least sixty days provided that said sentence is not counted for three points for exceeding one year. Id. at (b). A sentence of one year or more imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted unless that defendant's period of incarceration extended into the fifteen-year period. U.S.S.G. §4A1.2(e). If the defendant is placed on parole or probation and the parole or probation is subsequently revoked, the fifteen-year period is calculated from the date of the defendant's last release from incarceration on that sentence. U.S.S.G. § 41.2(k).

The guidelines provide for enhanced criminal history points for "armed career criminals" pursuant to 18 U.S.C. § 924(e). U.S.S.G. § 4B1.4. These enhanced sentences are only applicable to those convicted of three previous "serious drug offenses" or "violent felonies" or both. See 18 U.S.C. § 924(e); U.S.S.G. § 4B1.4. They also provide for enhanced points for certain career offenders. U.S.S.G. § 4B1.1.

Edmond was convicted of five separate offenses resulting in more than one year of incarceration each. The last day of incarceration for each of these offenses was within fifteen years of his arrest for the instance offense. The 1998 possession of marijuana conviction is counted within this period because Edmond was incarcerated following the revocation of his parole for the offense in 2013. See U.S.S.G. § 4B1.2(k). Each of these offenses count as three points towards his criminal history pursuant to U.S.S.G. § 41B.1(a). None of these offenses were considered "controlled substance offenses" for purposes of the career offender guidelines or "serious drug

offenses" for purposes of the armed career criminal enhancement provided by 18 U.S.C. § 924(e) or U.S.S.G. §§ 4B1.1 or 4B1.4. (See Doc. 47; see also Doc. 50). Edmond was also awarded two points in accordance with U.S.S.G. § 41B.1(b) for his conviction of aggravated assault, which resulted in six months incarceration. Again, he was not treated as a career offender or armed career criminal and not subjected to the enhanced penalties that follow such designations. Edmond is apparently under the misapprehension that he was sentenced as a career offender or an armed career criminal and subjected to enhanced penalties. He was not. He was sentenced in the same manner as any other similarly situated defendant.

### III. CONCLUSION

Edmond fails to satisfy the first requirement of 18 U.S.C. § 3582(c)(2) because no amendment to the Sentencing Guidelines has been adopted that would actually lower his sentence. Accordingly, the Motion is **DENIED**.

THUS DONE AND SIGNED at Alexandria, Louisiana this 10 day of February 2025.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT